IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:10-cr-00114

RAVI WHITE,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1. The guideline reduction was given retroactive effect. However, any order reducing the Defendant's term of imprisonment must have an effective date of November 1, 2015, or later. Pursuant to the order entered on February 23, 2015, this case was designated for Expedited consideration.

The Court has received the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue.

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Motion is **GRANTED**. It is **ORDERED** that Defendant's previous sentence be reduced to a period of 12 months, with credit for time served to date.[1] This order shall become effective on November 1, 2015. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 29, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court considered a split sentence of six months incarceration followed by the first six months of supervised release on home detention, since the reduced range is in Zone C of the sentencing table. However, the Court declines that option for two reasons. First, it is, at best, unclear whether the Court would have authority to <u>add</u> home detention to the supervised release term under § 3582. Second, the Court is informed by the U.S. Probation Office that Defendant will be released on November 1, 2015, either way.